**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AFFIRMATIVE INSURANCE HOLDINGS, INC., *et al.*,[1]<br><br>        Debtors. | Chapter 7<br><br>Case No. 15-12136 (CSS)<br><br>(Jointly Administered) |
| Don A. Beskrone, Chapter 7 Trustee for Affirmative Insurance Holdings, Inc., *et al.*,<br><br>        Plaintiff,<br><br>v.<br><br>Confie Seguros Holding Co.,<br><br>        Defendant. | Adv. No.: **Refer to Summons** |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO
11 U.S.C. §§ 547, 548 AND 550 AND TO DISALLOW CLAIMS
PURSUANT TO 11 U.S.C. § 502**

Don A. Beskrone, Chapter 7 Trustee for the above-captioned debtors ("Trustee"), by and through his undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against Confie Seguros Holding Co. (the "Defendant") and to disallow any claims held by Defendant. In support of this Complaint, Trustee alleges upon information and belief that:

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Affirmative Insurance Holdings, Inc. (0432); Affirmative Management Services, Inc. (7252); Affirmative Services, Inc. (7255); Affirmative Underwriting Services, Inc. (7250); Affirmative Insurance Services, Inc. (8823); Affirmative General Agency, Inc. (2345); Affirmative Insurance Group, Inc. (7246); and Affirmative, L.L.C. (2347).

{01250045;v1 }

## NATURE OF THE CASE

1.    Trustee seeks to avoid and recover from Defendant all preferential and otherwise avoidable transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy proceedings of the above-captioned Debtors (collectively, the "Debtors") pursuant to sections 547, 548 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.    The Trustee also seeks to disallow any claim filed by the Defendant in the Debtors' cases pursuant to sections 502(d) and (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.    The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.    This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders with respect to the relief sought herein.

5.    Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409(a).

6.    Pursuant to Local Bankruptcy Rule 7008-1, Trustee consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## THE PARTIES

7.    The Trustee is the Chapter 7 Trustee for the Debtors and the Debtors' estates.

8.    Upon information and belief, Defendant is a corporation headquartered in Huntington Beach, California.

9. Upon information and belief, the Defendant has a mailing address of 7711 Center Ave Suite 200, Huntington Beach, CA 92647.

## BACKGROUND

10. Founded in June 1998, the Debtors provided non-standard personal automobile insurance ("NSPAI") policies for individual consumers in targeted geographic markets who found it difficult to obtain insurance from standard automobile insurance companies due to their lack of prior insurance, age, driving record, limited financial resources, or other factors.

11. The Debtors financial struggles arose in significant part from losses incurred from operations over the six years ended December 31, 2014, including an operating loss of $31 million for the year ended December 31, 2014. Losses stemmed from, among other causes, underwriting losses, significant revenue declines, expenses declining less than the amount of revenue declines, and goodwill impairments. The losses from operations grew out of business written in 2012 and 2013, prior pricing issues in some states, losses from states the Debtors had exited, including Florida and Michigan, and goodwill impairment charges as a result of such losses. The Debtors' losses from operations continued during 2015, notwithstanding actions taken to address the liquidity and capital issues.

12. On October 14, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On October 19, 2015, the Court entered an Order directing the joint administration of the Debtors' cases (the "Cases") [Docket No. 38].

13. On October 30, 2015, an Official Committee of Unsecured Creditors was appointed in the case [D.I. 78]. On December 18, 2015, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs [Docket Nos. 169-176]. The Summary of Assets

and Liabilities filed by the Debtors showed that the liabilities of each of the Debtors as of the Petition Date significantly exceeded the amount of each of the Debtors' assets. A meeting of creditors was held pursuant to 11 U.S.C. § 341(a) on December 28, 2015 [Docket No. 184].

14.     On December 30, 2015, the Official Committee of Unsecured Creditors filed a Motion for Entry of an Order Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 Bankruptcy Code Pursuant to 11 U.S.C. § 1112(b) [Docket No. 191]. The Court entered an Order converting the Debtors' cases on March 10, 2016 [Docket No. 337]. Thereafter, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as the Chapter 7 Trustee in these cases.

15.     The Debtors used a centralized cash management system to collect funds from and for, and to pay expenses incurred by, their operations. The cash management system included thirteen active Debtor bank accounts. The Debtors' bank accounts (the "Accounts") were held at Capital One, UMB Bank, Frost Bank, and UBS.

16.     During the ninety (90) days before the Petition Date (i.e., between July 16, 2015, and October 14, 2015) (the "Preference Period"), the Debtors continued to operate their businesses and continued to make payments to creditors, *inter alia*, checks and wire transfers.

17.     Upon information and belief, the Defendant entered into agreements (collectively, the "Agreements") with one or more of the Debtors. The Agreements are evidenced by invoices, communications and other documents.

18.     Pursuant to the Agreements, the Defendant provided certain goods and/or services to the Debtor(s) on credit. The Trustee has determined that one of more of the Debtors made transfer(s) (the "Transfers") of an interest of the Debtors' property to or for the benefit of

Defendant during the Preference Period on account of such goods and/or services through payments aggregating an amount not less than $163,098.38.

19. The Transfers are detailed on Exhibit A, which is attached hereto and incorporated by reference. Exhibit A includes information that show the nature and amount of the antecedent debts paid by each Transfer. Exhibit A also includes the date and amount of each Transfer, the name of the Debtor/transferor, the applicable check numbers, check or wire dates, clear dates and amounts.

20. During the course of this proceeding, Trustee may learn of additional transfers made to Defendant during the Preference Period. It is Trustee's intent to avoid and recover all transfers made by the Debtors to or for the benefit of Defendant during the Preference Period. The Trustee reserves his right to amend this Complaint to include additional transfers and additional relevant information that may become known to the Trustee, through formal discovery or otherwise, and for the amendments to relate back to this Complaint.

## CLAIMS FOR RELIEF COUNT I

**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

21. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

22. As set forth in Exhibit A, the Debtor(s) made Transfers to or for the benefit of Defendant during the Preference Period in an amount not less than $163,098.38.

23. Each Transfer was made from the Debtors' Accounts, and constituted transfers of an interest in property of the Debtor(s).

24. As set forth in Exhibit A, Defendant was a creditor at the time of each Transfer as a result of previously supplying the Debtor(s) with goods and/or services pursuant to the

Agreements, and the Debtor(s) were obligated to pay after receiving delivery of the goods and/or services in accordance with the Agreements.

25. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor(s) to Defendant.

26. As set forth in <u>Exhibit A</u>, each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor(s) to Defendant before such Transfers were made. The Transfers were made on account of a pre-existing "debt" or "claim" (as those terms are defined in the Bankruptcy Code) owed to Defendant by the Debtor(s) in accordance with the Agreements.

27. Each Transfer was made while the Debtors were insolvent. Trustee is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

28. Each Transfer was made during the Preference Period, as set forth on <u>Exhibit A</u>.

29. As a result of each Transfer, Defendant received more than Defendant would have received if: (i) the Debtors' case were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As set forth in the Debtors' schedules, proofs of claim filed in the cases and other documents filed in the Debtors' cases, the Debtors' liabilities exceeded their assets at all relevant times and unsecured creditors will not receive full payment of their claims from the Debtors' bankruptcy estates.

30. The Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II

### (Recovery of Avoided Transfers – 11 U.S.C. § 548)

31. Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

32. To the extent the Transfers identified on <u>Exhibit A</u> were not made on account of an antecedent debt and were prepayments for goods and/or services subsequently received, Plaintiff pleads in the alternative that the Debtor making such Transfers did not receive reasonably equivalent value in exchange for such Transfers, and (i) the Debtor was insolvent on the date the Transfers were made or became insolvent as a result of the Transfers; (ii) the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction for which any property remaining with the Debtors was an unreasonably small capital; or (iii) the Debtor intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as the debts matured.

33. The Transfers are avoidable pursuant to 11 U.S.C. §548(a)(1)(B).

## COUNT III

### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

34. Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

35. Trustee is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. §§ 547(b) and 548.

36. Defendant was the initial transferee of the Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfer(s) were made.

37. Pursuant to 11 U.S.C.§ 550(a), Trustee is entitled to recover from Defendant the Transfer(s), plus interest thereon to the date of payment and the costs of this action.

## COUNT IV

### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

38.　Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

39.　Defendant is a transferee of transfers avoidable pursuant to sections 547 and 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

40.　Defendant has not paid the amount of the Transfer(s), or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

41.　Pursuant to 11 U.S.C. § 502(d), any claims filed by Defendant in the Debtors' bankruptcy cases must be disallowed until such time as Defendant pays to Trustee an amount equal to the aggregate amount of the Transfer(s), plus interest thereon and costs.

42.　Pursuant to 11 U.S.C. § 502(j), any claims filed by Defendant in the Debtors' bankruptcy cases and previously allowed by the Debtors or by Trustee, must be reconsidered and disallowed until such time as Defendant pays to Trustee an amount equal to the aggregate amount of the Transfer(s).

## PRAYER FOR RELIEF

WHEREFORE, Trustee requests that this Court enter judgment in his favor and grant him the following relief against Defendant:

A.　Avoiding the Transfers and directing Defendant to return to Trustee the amount of the Transfers, pursuant to 11 U.S.C. §§ 547(b), 548 and 550(a), plus interest from the date of demand at the maximum legal rate, together with the costs and expenses of this action including attorneys' fees;

B.　Disallowing any claim filed by Defendant against the Debtors until Defendant returns the Transfers to Trustee pursuant to 11 U.S.C. § 502(d) and (j); and

C. Granting such other and further relief as this Court may deem just and proper.

Dated: October 11, 2017  
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

*/s/ Benjamin W. Keenan*
_____
Ricardo Palacio (DE No. 3765)
Benjamin W. Keenan (DE No. 4724)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
Email:  RPalacio@ashbygeddes.com
    BKeenan@ashbygeddes.com

*Counsel to Don A. Beskrone,*
*Chapter 7 Trustee of the Debtors*

**Exhibit A**

| Debtor Transferor | Transferee | Check Date | Clear date | Amount of Transfer | Method of Transfer | Bank Account |
|---|---|---|---|---|---|---|
| Affirmative Services, Inc. | Confie Seguros Holding Co. | 8/7/2015 | 8/12/2015 | $163,098.38 | Check no. 401922 | UMB5010 |
| | | | **Total** | $163,098.38 | | |